IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FIRST TIME VIDEOS, LLC,

        Plaintiff,                  No. CIV S-12-621 GEB EFB

    vs.

JOHN DOE,

        Defendant.               <u>ORDER</u>

_____/

      Presently before the court is plaintiff's application for leave to take expedited discovery prior to the Rule 26 conference.  Dckt. No. 6.  For the reasons stated herein, the request will be granted in part and denied in part.

I.    <u>BACKGROUND</u>

      Plaintiff, a producer of adult entertainment content, has filed this action against defendant John Doe, alleging claims for copyright infringement, civil conspiracy, and contributory infringement.  *See generally* Compl., Dckt. No. 1.  Plaintiff's complaint alleges that "John Doe and his co-conspirators . . . knowingly and illegally, reproduced and distributed Plaintiff's copyrighted creative work [an adult entertainment video entitled "FTV – Shelbie & Felicia"], and materially contributed to the infringing conduct by acting in concert via the BitTorrent file sharing protocol and, upon information and belief, continue to do the same."  *Id.* ¶ 1.  Plaintiff

1   alleges that "[t]he identities of John Doe and his co-conspirators are unknown to Plaintiff" and

2   instead "are known to Plaintiff only by an Internet Protocol address ('IP address'), which is a

3   number assigned to devices, such as computers, connected to the Internet." *Id.* ¶ 4.  According

4   to plaintiff, "[i]n the course of monitoring Internet-based infringement of its copyrighted content,

5   Plaintiff's agents observed unlawful reproduction and distribution occurring among the IP

6   addresses listed on Exhibit A and B [which are attached to the complaint] via the BitTorrent

7   protocol." *Id.*  Plaintiff contends that it "cannot ascertain the identities of John Doe or his co-

8   conspirators without information from their respective Internet Service Providers ("ISPs")." *Id.*

9   Plaintiff also indicates in the complaint that he "intends to seek leave of the Court to amend this

10  complaint to join John Doe's co-conspirators as defendants in this action pursuant to Fed. R. Civ.

11  P. 20(a)(2)." *Id.* ¶ 44.

12  II.   DISCUSSION

13          On March 16, 2012, plaintiff filed an ex parte application seeking leave to take expedited

14  discovery prior to the Rule 26 conference in order to obtain the identities of John Doe and his

15  co-conspirators.  Dckt. No. 6; *see also* Hansmeier Decl., Dckt. No. 6-1.  Specifically, plaintiff

16  seeks to issue subpoenas to the various ISPs used by John Doe and his co-conspirators (each of

17  whom is identified by a unique IP address, which corresponds to the date and time of allegedly

18  infringing activity).  Hansmeier Decl. ¶¶ 20-21, 25-27.  Plaintiff contends that it has gathered

19  evidence of the infringing activities, *id.* ¶¶ 16-27, and that when presented with an IP address

20  and the date and time of infringing activity, an ISP can identify the name and address of the

21  ISP's subscriber because that information is contained in the ISP's subscriber activity log files.

22  *Id.* ¶ 22.  However, plaintiff argues that "ISPs typically keep log files of subscriber activities for

23  only limited periods of time—sometimes for as little as weeks or even days—before erasing the

24  data." Dckt. No. 6 at 2 (citing Hansmeier Decl. ¶¶ 22, 28-30).

25          Plaintiff contends that good cause supports its application for expedited discovery

26  because the identities of John Doe and his co-conspirators are essential to plaintiff's prosecution

of its claims in this case, and the information is under imminent threat of destruction. *Id*. at 4-6. Specifically, plaintiff contends that without knowing John Doe and his co-conspirators' identities, plaintiff will have no means to name and serve anyone with process and "will have no means of computing the damages that can be attributed to the conspiracy, or establishing testimony from co-conspirators to aid in proving liability against John Doe and any co-conspirators whom Plaintiff may later join in this action," and argues that the "ISP subscriber information will be destroyed before Plaintiff can discover it if the Court does not grant this motion." *Id*. at 4, 5. Plaintiff also argues that the need for limited early discovery outweighs any prejudice to the ISPs and/or to John Doe and his co-conspirators since the ISPs already have policies in place to comply with plaintiff's discovery request, and since the request is limited in scope (plaintiff only seeks basic contact information), plaintiff only intends to use the information disclosed "for the purpose of protecting its rights under the copyright laws," John Doe and his co-conspirators have minimal expectations of privacy in basic subscriber information, and the First Amendment is not a shield for copyright infringement. *Id*. at 6-12. Plaintiff also argues that a concern over the potential innocence of the internet subscribers is not a basis to deny plaintiff's request. *Id*. at 12-13. Finally, plaintiff contends ex parte relief is proper since there are no known defendants with whom to confer and plaintiff's discovery request is directed at a third party." *Id*. at 13-14.

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Here, because plaintiff does not know the identity of defendant John Doe, the parties have not yet met and conferred under Rule 26(f). Therefore, plaintiff requests that the court authorize expedited discovery.

////

////

Courts in the Ninth Circuit apply a "good cause" test in deciding whether to permit expedited discovery before the Rule 26(f) conference.[1] *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002); *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *In re Countrywide Financial Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008); *Matson & Isom Technology Consulting v. Dell Inc.*, 2008 WL 3863447 (E.D. Cal. Aug. 19, 2008); *Qwest Commc'ns Int'l, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (The "party seeking expedited discovery in advance of [the] Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d at 1179 (quoting *Semitool, Inc.*, 208 F.R.D. at 276). The court must make this evaluation in light of "the entirety of the record . . . and [examine] the reasonableness of the request in light of all the surrounding circumstances." *Semitool, Inc.*, 208 F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed); *Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1067.

Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. *Semitool, Inc.*, 208 F.R.D. at 276; *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). Recently, several courts have found good cause to allow expedited discovery to ascertain the identities of Doe defendants in copyright infringement actions. *See, e.g., Arista Records LLC v. Does 1-43*, 2007 WL 4538697, at *1 (S.D. Cal. Dec. 20, 2007); *SBO Pictures, Inc. v. Does 1-3036*, 2011 WL 6002620 (N.D. Cal.

---

[1] "Courts are split as to whether a party seeking expedited discovery must satisfy a 'good cause' or 'reasonableness' standard or the more stringent standard set forth in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), which largely tracks the standard required for obtaining a preliminary injunction." *See Special Situations Cayman Fund, L.P. v. Dot Com Entm't Grp., Inc.*, 2003 WL 23350128, at *1 n.7 (W.D.N.Y. Dec. 5, 2003) (detailing the split). However, courts in the Ninth Circuit have traditionally applied the "good cause" standard.

Nov. 30, 2011) (authorizing expedited discovery as to one of the doe defendants and dismissing the remaining doe defendants); *Hard Drive Prods., Inc. v. Does 1-130*, 2011 WL 5573960 (N.D. Cal. Nov. 16, 2011) (same); *AF Holdings LLC v. Does 1-97*, 2011 WL 2912909 (N.D. Cal. July 20, 2011) (same); *Pac. Century Int'l Ltd. v. Does 1-101*, 2011 WL 2690142 (N.D. Cal. July 8, 2011) (same); *AF Holdings LLC v. Does 1-96*, 2011 WL 5864174 (N.D. Cal. Nov. 22, 2011) (authorizing expedited discovery as to the 96 doe defendants); *Berlin Media Art E.K. v. Does 1-146*, 2011 WL 4056167 (E.D. Cal. Sept. 12, 2011) (authorizing expedited discovery as to the 146 doe defendants); *but see Hard Drive Prods., Inc. v. Doe*, 2012 WL 90412 (E.D. Cal. Jan. 11, 2012) (denying request for expedited discovery where plaintiff sought to depose an individual that plaintiff was able to identify); *Pac. Century Int'l Ltd. v. Does 1-101*, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011) (denying request for expedited discovery).

For example, in *Arista Records LLC*, the plaintiffs alleged that unidentified defendants had used an online media distribution system to download and distribute plaintiffs' copyrighted works to the public without permission. *Arista Records LLC*, 2007 WL 4538697, at *1. Because the plaintiffs were only able to identify each defendant by a unique internet protocol address assigned to that defendant, plaintiffs filed an ex parte application seeking leave to serve immediate discovery on a third-party ISP to identify the Doe defendants' true identities. *Id*. The court found good cause to allow expedited discovery based on the plaintiffs' prima facie showing of infringement, the risk that the ISP would not long preserve the information sought, the narrow tailoring of the requests to the minimum amount of information needed to identify the defendants without prejudicing their rights, and the fact that the expedited discovery would substantially contribute to moving the case forward. *Id*. The court further noted that, without such discovery, plaintiffs could not identify the Doe defendants and would not be able to pursue their lawsuit to protect their copyrighted works from infringement. *Id.*

Other courts have specifically noted that "[i]n this particular context, the court must balance 'the need to provide injured parties with an [sic] forum in which they may seek redress

1  for grievances' against 'the legitimate and valuable right to participate in online forums

2  anonymously or pseudonymously . . . without fear that someone who wishes to harass or

3  embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to

4  discover their identity.'" *Hard Drive Prods., Inc*., 2011 WL 5573960, at *1 (quoting *Columbia*

5  *Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999)).

6        Here, plaintiff has demonstrated good cause for some of the expedited discovery

7  requested, but not all of it.  Specifically, plaintiff has shown good cause to conduct expedited

8  discovery regarding the identity of John Doe, but has not shown good cause to conduct expedited

9  discovery regarding John Doe's alleged co-conspirators, whom plaintiff has not alleged as

10  defendants in the complaint.  *See* Dckt. No. 1 at 1, 8 (naming only one doe defendant, John Doe,

11  and asserting that plaintiff will "seek leave of the Court to amend this complaint to join John

12  Doe's co-conspirators as defendants . . . .").  Since John Doe is the only defendant asserted in the

13  complaint, plaintiff cannot proceed with this lawsuit without obtaining John Doe's identity.

14  *UMG Recordings, Inc. v. Does 1-4*, 2006 WL 1343597, at *1 (N.D. Cal. Apr. 19, 2006).

15  Additionally, as plaintiff contends in its application, there is a high risk that the ISP used by John

16  Doe may destroy the information plaintiff seeks and thereby preclude plaintiff from discovering

17  John Doe's true identity.  *Id*.  Further, copyright infringement claims "necessarily involve[ ]

18  irreparable harm to Plaintiff [ ], as a copyright holder is presumed to suffer irreparable harm as a

19  matter of law" when the ambit of its copyright is invaded.  *Id*.  Accordingly, plaintiff's request to

20  subpoena Comcast Cable Communications (the ISP listed for John Doe in Exhibit A to the

21  complaint) to obtain limited information needed to identify John Doe (name, addresses,

22  telephone numbers, and email addresses) will be granted.

23        However, because plaintiff's complaint does not purport to sue John Doe's alleged

24  "co-conspirators" at this time, in light of the potential that some of the alleged co-conspirators

25  are innocent internet users, plaintiff has not shown at this time that the need to discover their

26  identities at this early stage outweighs the prejudice to the responding ISPs and/or to the

1   potentially innocent alleged co-conspirators, or that the request to subpoena all of those

2   individuals' ISPs is reasonable or supported by good cause, in light of all the surrounding

3   circumstances.

4        As noted above, plaintiff has not named the alleged co-conspirators in its complaint.

5   Although plaintiff contends that it may seek leave to join the co-conspirators, plaintiff has not

6   done so, and it is not clear that the court would permit such joinder.  *See, e.g., SBO Pictures,*

7   *Inc.*, 2011 WL 6002620, at *2-4; *Hard Drive Prods.,* 2011 WL 5573960, at *4; *Third Degree*

8   *Films,* 2011 WL 5374569, at *3-4; *AF Holdings LLC*, 2011 WL 2912909, at *2-4; *Pac. Century*

9   *Int'l Ltd.*, 2011 WL 5117424, at *2-4.  Further, because the court will be granting plaintiff's

10  request for expedited discovery regarding John Doe's identity, plaintiff's concerns that without

11  knowing the identities of John Doe and his co-conspirators, "[p]laintiff will have no means to

12  name and serve anyone with process" and "will have no means of computing the damages that

13  can be attributed to the conspiracy or establishing testimony from co-conspirators to aid in

14  proving liability against John Doe and any co-conspirators who are later joined to this action"

15  are unconvincing.  *See* Dckt. No. 6 at 5.  Here, plaintiff will be given authority to issue a

16  subpoena to John Doe's ISP.  Once that ISP responds to the subpoena, plaintiff will presumably

17  be able to identify John Doe, serve process, and proceed with this action (including regularly

18  scheduled discovery).  Therefore, because plaintiff does not need expedited discovery regarding

19  the alleged co-conspirators in order to proceed with this case, that "need" does not outweigh the

20  prejudice to the ISPs, which would necessarily incur some burden (albeit minimal) in responding

21  to the subpoenas.  For those reasons alone, the court finds that neither the good cause standard

22  nor the reasonableness standard is met, even when acknowledging the risk that the ISPs used by

23  the alleged co-conspirators could destroy the information plaintiff seeks and thereby preclude

24  plaintiff from discovering their identities.

25        Additionally, although plaintiff argues that the potential innocence of the Internet

26  subscribers is irrelevant to the good cause standard applicable here, the court disagrees.  As

many courts have noted, "the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes." *SBO Pictures, Inc.*, 2011 WL 6002620, at *3; *Pac. Century Int'l Ltd.*, 2011 WL 5117424, at *2; *IO Group, Inc. v. Does 1–19*, 2011 WL 772909, at *1 (N.D. Cal. Mar. 1, 2011). "For example, '[ISP] subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiff's works.'" *SBO Pictures, Inc.*, 2011 WL 6002620, at *3 (quoting *Third Degree Films v. Does 1–3577*, 2011 WL 5374569 (N.D. Cal. Nov. 4, 2011)). Because plaintiff seeks information about the "ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, 'Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.'" *Id.* (quoting *Hard Drive Prods.,* 2011 WL 5573960, at *2). Additionally, as numerous other courts have noted, if the undersigned were to grant plaintiff's renewed request for expedited discovery regarding the alleged co-conspirators, "[p]laintiff would likely send settlement demands to the individuals whom the ISP identified as the IP subscriber. 'That individual—whether guilty of copyright infringement or not– would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the money demanded. This creates great potential for a coercive and unjust 'settlement.'" *SBO Pictures, Inc.*, 2011 WL 6002620, at *3 (quoting *Hard Drive Prods.,* 2011 WL 5573960, at *3).

Therefore, the remainder of plaintiff's request for expedited discovery will be denied without prejudice.

////

////

////

////

8

III.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application for leave to take expedited discovery, Dckt. No. 6, is granted in part and denied in part.

2. Plaintiff may immediately serve a Rule 45 subpoena on Comcast Cable Communications (the ISP listed for John Doe in Exhibit A to the complaint) to obtain the following information about John Doe (based on the IP address listed for him in Exhibit A to the complaint – 67.164.216.201): name, addresses, telephone numbers, and email addresses.  A copy of this order shall be attached to the subpoena.

3. Comcast Cable Communications ("Comcast") will have thirty (30) days from the date a copy of this Order and a copy of the subpoena are served upon it to serve John Doe with a copy of the subpoena and a copy of this order.  Comcast may serve John Doe using any reasonable means, including written notice sent to Doe's last known address, transmitted either by first-class mail or via overnight service.  Comcast and John Doe each shall have 30 days from the date of service to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena).  If that 30-day period lapses without John Doe or Comcast contesting the subpoena, Comcast shall have 14 days to produce to plaintiff the information responsive to the subpoena with respect to John Doe.

4. Comcast shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena.  If Comcast elects to charge for the costs of production, Comcast shall provide plaintiff with a billing summary and cost reports.

5. Comcast shall preserve all subpoenaed information pending Comcast's delivery of such information to plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

6. Any information disclosed to plaintiff in response to the subpoena may not be used for any improper purpose and may only be used for protecting its rights as set forth in the complaint.

7.  Plaintiff's request for an order authorizing plaintiff to serve subpoenas on other ISPs is denied without prejudice.

SO ORDERED.

DATED:  April 17, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE